**WEIGEL v WEIGEL et**

Ohio Appeals, 2nd Dist, Clark Co

No 355. Decided Jan 10, 1936

McGrew & Laybourne, Springfield, for G. W. Weigel.

Stanley Lucas, Springfield, for the Weigels.

Keefer & Keefer, Springfield, for The Lagonda Citizens National Bank.

## OPINION

By BARNES, PJ.

By agreement of counsel the same evidence, in transcribed form, was submitted in this court as in the court below. The witnesses were very · few in number. and the evidence of each very short. We might say at this time that none of us have ever previously been confronted with this question. It is very unusual to seek personal judgment on any phraseology in the mortgage where the party has not signed the note.

It is the general theory of a note and mortgage that the note is evidence of the debt and the mortgage security for its payment. The primary purpose of the mortgage is to pledge property as security. If it is desired to pledge individual security there is no reason to have a mortgage. The signing of the note is all that is required for this purpose.

We have no difficulty in determining that none of the parties or the attorneys drafting the mortgage had any knowledge of this peculiar provision in the mortgage except the officer of the Bank, who had charge of the loan. Its appearance in the mortgage was due to the fact that this officer furnished the blank on which the mortgage was to be prepared. This particular paragraph was printed on the blank. Counsel for the bank insist that under the undisputed evidence it is entitled to personal judgment against the three wives and in brief this claim is based on the claimed fact that no representative of the Bank had anything to do with the execution of the mortgage by the three wives, and that when the instrument, together with the note, was presented to the Bank the obligation and security for which it parted with its money and made the loan to the three Weigels, the wives cannot now be heard to say that they did not know the contents of the mortgage document.

There is great force to this logic, but we do not think that, under the entire record, personal liability should attach against the three wives. The three brothers were partners in business; one or possibly two of them negotiated the loan. We think the weight of the evidence is with the Weigels, that no understanding was had with them that the wives should join in the execution of the paper so as to become personally liable. Had there been any such understanding the experienced officer of the Bank having the loan in charge would have demanded that they each sign the note evidencing the debt. While it is unquestionably true that this officer of the Bank knew of this unusual and peculiar clause of the mortgage, yet the fact that it was permitted to rest upon this clause and not have their signatures attached to the note urges very strongly the knowledge of the Bank that the wives were not intending to become individually liable. A clause of this character, when so adroitly drawn that good lawyers in making the draft of the mortgage wou'd not discover it, will at once explain why inexperienced laymen who signed the document without reading wou'd probably not have understood that it created an individual liability, even if they had read it.

We find what we think is another infirmity, through which the appeal will be dismissed. In our judgment the cause was not appealable.

The real cause of complaint upon the part of the Bank is that its prayer for personal judgment against the three wives was denied. This part of the cause of action was one at law and not in equity. It is permissible and not unusual for equitable causes and actions at law to be joined. In fact, under our present code pleading, we have but one cause of action and this is designated "a civil action." Practically every proceeding in foreclosure contains an action at law and an equitable action. Ordinarily the action on the note is the action at law and the foreclosure of the mortgage is the equitable action.

Where it is desired to review in a higher court it depends upon whether the controverted question was on the issue of law or the equitable action whether or not the party was to go up on error or may proceed on appeal. In the instant case the Bank was seeking personal judgment against the three wives, not upon the note, but upon certain paragraphs in the mortgage. The fact that this phrase upon which claim for personal judgment was predicated was contained in the mortgage instead of the note would not change the form of action. Beyond doubt or cavil it would still be an action at law.

It sometimes happens that the nature of the answer takes precedence and thereby, for the time being at least, raises a purely equitable issue, the determination

of which must first be determined before the plaintiff may proceed about his action at law. Another well-recognized rule of pleading is that a defendant may interpose as many defenses as he had, be they defenses at law or equitable defenses. The fact that any of the defenses are equitable in their nature is not always of such character to render the case appealable. It is only when the answer considered as a cross petition is asking affirmative relief that the equitable feature will control the future proceedings in a reviewing court.

Applying this principle to the instant case, the answers of the wives did in an alternative prayer request reformation, yet we think this was only the requisite necessary to defeat the Bank's claim of personal liability. This rule is very clearly set out in Volume 2, Ohio Jurisprudence (Appeal and Error) §155, page 176. The quotation is taken from the case of Gill v Pelkey, 54 Oh St 348, and again restated in Lust v Farmers Bank and Savings Company, 114 Oh St 312. The following is the quotation:

"It may be quite true that an equitable defense merely, that is, one which sets forth some equitable considerations for the sole purpose of resisting the plaintiff's demands without asking any affirmative action of the court whatever, will not affect the mode of trial although it would have done so if the party had invoked some affirmative relief. The difference between them being that the first is simply a defense to the cause of action stated in the petition, while the other is a cross demand constituting a cause of action in itself on which a separate action might have been maintained. The former being merely a defense cannot draw to itself a mode of trial different from that prescribed for the cause of action to which it relates. The latter being a distinct cause of action is of equal dignity with the one set forth in the petition and, therefore, equally entitled to its appropriate method of trial."

Both in the 54 Oh St and 114 Oh St, from which the above text was promulgated, the Supreme Court held, under the state of the record being considered by them, that the cases were appealable.

Other cases are cited and the question is elaborated in some of these other cases. Concluding, as we do, that under the state of the record in the instant case the same is not appealable, we therefore dismiss the appeal. Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.