**STATE ex WARNER v SMITH et
STATE ex WARNER v ROOP et
(2 Cases)**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2687 & 2690. Decided Dec 21, 1936

John W. Bricker, attorney general, Columbus and Paul L. Selby, Columbus, for appellant.
Barton Griffith, Sr., Columbus and D. B. Sharp, Columbus, for appellee.

## OPINION

By CRAIG, PJ.

The controversies raised in these two cases are between the same parties; involve the same questions and have been argued and submitted together. The appellant in each case as Superintendent of Building and Loan Associations in and for the State of Ohio, and as such in charge of the liquidation of the Columbian Building and Loan Company, filed a petition in the Common Pleas Court of Franklin County for a judgment on a promissory note and for foreclosure of a mortgage given to secure the payment thereof. The notes and mortgages were in favor of the Columbian Building and Loan Company whose assets subsequently were taken over by the plaintiff by virtue of §§687 and 687-1, et seq.

In each instance the note was signed by David Bennett and the mortgage securing it also was executed by him. Thereafter, David Bennett transferred the premises to Langley Bennett and Carrie Bennett who, as a part of the consideration for the conveyance, assumed and agreed to pay the notes and mortgages heretofore described. Thereafter Langley Bennett and Carrie Bennett, husband and wife, in one deed conveyed said premises to the appellee, Vernon W. Moss, who, it is claimed by appellant, assumed and agreed to pay said notes and mortgages, by virtue of the following clause in the deed "All of which mortgages * * * the grantee assumes and agrees to pay as part consideration for the premises described." The appellee, Moss, joined by his wife Emma E. Moss, at a later date conveyed said premises to other persons, but these conveyances are immaterial for the disposition of these cases. In the Roop case appellant filed an amended petition, the allegations of which have no bearing on this controversy. To each petition the appellee Moss filed a pleading which is styled an 'answer' in which, after admitting, among other things, that he made no payments on the notes as alleged; that Langley Bennett and Carrie Bennett, husband and wife, conveyed the mortgaged real estate to him and that he has not paid certain taxes and assessments as set forth in the petition, he denies specifically that he assumed and agreed to pay the note and mortgage as charged in the petition. The answers continue:

"For want of information this defendant denies each and every allegation contained in said petition not herein expressly admitted to be true."

Each answer continues that at the time he acquired the premises from the Bennetts it was expressly understood and agreed that he took them subject only to the unpaid balances of the mortgage and that he was not to assume or agree to pay the notes and the mortgages; that by mutual error and mistake of all parties to the deed the deed stated that said Moss would assume and agree to pay the notes and mortgages and that he did not discover the mistake until a short time before he was served with summons in the Roop case, and in the Smith case not until after he was served with summons. The prayer in each answer is that the deed be reformed by striking therefrom the assumption clause; that he be dismissed from the actions and recover his costs. To these answers the plaintiff filed replies; in the Roop case denying generally all allegations of the answer and in the Smith case denying specifically that the assumption clause was included by mistake; that Moss did not discover the assumption clause until "after he was served with summons", and alleging that he did assume and agree to pay the note and mortgage and that the assumption clause was inserted in the deed with full knowledge. In both replies it is asked that the answers be dismissed and that judgment be granted in accordance with the prayer of the petition.

The cases were heard together by the court, without the aid of a jury and without a demand therefor or waiver thereof being made by either party.

The Court, after a full hearing, found in favor of the appellee Moss; found that the assumption clause was inserted by mistake and inadvertence and ordered the deeds re-formed as prayed for by Moss. Motions for new trial were not filed by appellant. From this order of the Court appeals on questions of law and fact have been taken.

In each of the cases the appellee Moss has filed a motion to dismiss the appeal on the ground that this court is without jurisdiction to hear the cause on questions of fact, and to strike from the files the bill of exceptions because appellant failed to file motions for a new trial in the trial court and to have them heard.

The petitions so far as Moss was concerned, asked only for money judgments and the actions were at law. The fact that the answers of Moss allege mutual mistake and his prayer is that he be dismissed from the actions and recover his costs and that the deed be re-formed by striking out the assumption clause, does not change the nature of the action. It was not necessary for the court to order re-formation of the deed and such an order probably was improper inasmuch as the grantors of Moss were not before the court. The decision of this court in the case of Weigel v Weigel, 21 Abs 196, is controlling, and the motion to dismiss the appeal must be sustained. Since appellant did not file motions for a new trial the court can not invoke the provisions of §11564 GC and hold the cases on appeal on questions of law. The motion to strike from the files the bill of exceptions is also sustained.

Although it is not necessary to the disposition of the cases, the majority of this court feels that on the merits the appellant should not prevail. The evidence shows that there was a mutual mistake in placing the assumption clause in the deed. The contract in pursuance to which the deed was executed specified that the properties were to be taken by Moss subject to the mortgages and all the testimony on this subject is to the same effect. On June 5, 1931, Mr. Moss wrote the Columbian Building & Loan Co., referring to one of the parties, in which he said, "inasmuch as I am not responsible for payment, probably the best thing for me to do is to give the Columbian the deed." The Columbian or its successor, the appellant, did not dispute this denial of liability which is in line with the rest of the evidence in the case.

Emphasis is placed by counsel for appellant on the decision in the case of State ex Warner, as Superintendent, etc. v Nowlin, No. 142104, Common Pleas Court of Franklin County, which is based upon the case of Swisher v Palmer, 106 Ill. App., 432. In the Nowlin case the court found that the assuming grantee, discovered the assumption clause in the deed to him but took no action to disavow it. In the cases at bar the grantee knew nothing of the assumption clause until at or about the time the foreclosure actions were commenced and long after he had conveyed away the premises. Further, in the Swisher case the court found that Swisher had been put on inquiry as to the assumption clause, but that he deliberately shut his eyes to means of information relative thereto. The

court concludes that "ignorance which is intentional and deliberate will not defeat a ratification." Nothing appears in the testimony that Moss intentionally and deliberately ignored any means of information as to the presence of the assumption clause in the deed. The letter of June 5, 1931, indicates that he knew nothing about it.

It is urged that Moss is estopped to deny his liability under the assumption clause. This contention is not well made because there is no showing that either the mortgagee or appellant has suffered a change of position because of anything done by Moss. Before the principles of equitable estoppel can operate the person claiming the estoppel must have been induced to act or refrain from acting to the extent of altering his position from what it would otherwise have been. **16 O. J., 640. Trimble v Strother, 25 Oh St 378.**

Appellant argues that since the grantors of Moss are not parties to the action this court has no jurisdiction to re-form the deed. This is not material because the right of action against a grantee who, it is alleged, assumes a mortgage and debt, is subject to all the defenses and counterclaims which the grantee could assert against a grantor. **27 O. J., 509.** See the language of Parker, J., in **Gaw v The Glassboro Novelty Company, 20 O.C.C. 416.**

The motion to dismiss the appeal and to strike from the files the bill of exceptions is sustained. Exceptions may be noted.

HORNBECK, J, concurs.
BARNES, J, concurs in judgment.