## No. 273
## GEESEY Exr. v. WAKEFIELD STATE BANK
### Ohio Appeals, 6th Dist., Williams Co.
### No. 140. Decided Dec. 31, 1924.

**615. HUSBAND AND WIFE—Prior agreement of separation of, is annulled and rescinded by the resumption of the marital relation.**

**787. MORTGAGES—1. Widow's claim for dowers, not affected by a mortgage she did not sign.**

**2. Valid, on Ohio lands when executed in Michigan without scroll seal, and when notary is an officer of the bank mortgagee.**

**419. DOWER—Wife entitled thereto, where property obtained under separation agreement was conveyed to and sold by her; but when proceeds thereof were treated as family property, upon the resumption of the marital relation, agreement annulled.**

RICHARDS, J.

#### Epitomized Opinion
##### Published only in Ohio Law Abstract

This action was commenced in the Williams Common Pleas for the purpose of procuring an order to sell real estate, to pay the debts of Wm. Geesey, deceased. The Wakefield State Bank filed an answer and cross petition setting

up . a mortgage lien on the premises in the amount of $7,000, and Satie Geesey, widow of the deceased, set up a claim for dower in. the premises. She consented that the land should be sold clear of her dower and asked that she be endowed out of the proceeds of the sale. The Common Pleas found that she was entitled to dower, and her claim was prior to that of the mortgage lien. The case being one in chancery, the court overruled a motion to dismiss the Bank's appeal.

The Bank endeavored to prove that there had been a separation agreement between Satie and Wm. Geesey in which she conveyed her legal rights in the land to him in consideration of certain alimony; for they contemplated divorce or separation. Bank also contended that subsequently they resumed the marital relation but Mrs Geesey had, in the meantime, sold and taken for her own use the proceeds of the land conveyed to her which was part of the consideration in the separation agreement.

Geesey claims that the proceeds of the sale had been family property ever since the resumption of the marital relation. That the mortgage held by the bank was invalid because there was no scroll seal after the signature of the mortgagor, and acknowledgment of the mortgagor was taken before a notary public who was an officer of the Bank.

The Court of Appeals held:

1. The mortgage is valid for in Michigan where the deed was executed, a seal is not necessary and an officer of a mortgagee bank if a notary public is permitted to take a mortgagor's acknowledgment.

2. Resumption of relation of husband and wife annuls separation agreement.

3. Mortgage was executed when the husband and wife were cohabiting as such, these facts being known to the bank; but the mortgage is not signed by the wife. Therefore, the widow is entitled to dower from proceeds of sale, and her claim is not subject to the mortgage. Decree for Geesey.

Attorneys—George C. Rings, and Charles E. Scott, . for Geesey, Toledo; Augustus L. Gebhard, William H. Shinn, H. H. DeMuth, Ritter & Schminck and H. Thane Bauman, for Bank.