By the Court.
 

 Plaintiff in error, as a taxpayer, brought an action in the court of common pleas seeking to enjoin the county commissioners from awarding a contract for a bridge improvement, and for other equitable relief. The cause was heard in the court of common pleas on plaintiff’s
 
 *134
 
 second amended petition and the answer of the county commissioners thereto. In addition to denying many material, issuable facts, the- answer contained other allegations pleaded in avoidance.
 

 The common pleas court, after disposing of various motions and a demurrer to the answer, found in favor of the commissioners and against the plaintiff upon the issues joined, and dismissed the petition. The cause was thereupon appealed to the Court of Appeals. The record discloses that in the latter court no motion or demurrer was interposed to any pleading, but the cause was there heard
 
 de novo
 
 upon the pleadings and evidence. The final decree of' the Court of Appeals discloses that while under plans then existing and under an advertisement for proposals received pursuant thereto, plaintiff may have been entitled to an injunction at the time the suit was brought in the court of common pleas, since that time the letting of the contract under the original proposals had been abandoned by the county commissioners, and no contract for the construction of a bridge thereunder was contemplated, and that, afterwards, other proceedings were had by the county commissioners, a readvertisement made for proposals, and a contract entered into for the construction of the bridge. The Court of Appeals found that as to the latter proceedings the plaintiff was not entitled to equitable relief by injunction.
 

 The journal entry of the Court of Appeals concludes as follows:
 

 “And the court finds and determines that the only question involved in said action and to be
 
 *135
 
 determined by tbe court under the evidence a-nrl facts, as shown, is the question as to the costs of said action.”
 

 The Court of Appeals thereupon adjudged the costs, including an attorney fee of $250, against the board of county commissioners. From this judgment error was prosecuted to this court.
 

 There was no motion for a new trial filed in the Court of Appeals, nor was there an agreed statement of facts nor findings of fact and conclusions of law had in that court. It is therefore impossible for this court to determine the legal questions attempted to be urged by counsel for plaintiff in error. This is especially true since there is no bill of exceptions disclosing the evidence upon which the Court of Appeals based its decree.
 

 For the reasons stated, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.
 

 Kinkade, J., not participating.