THE TRAVELERS' INDEMNITY CO. OF HARTFORD, CONN., *v.* THE M. WERK CO.

(Decided June 17, 1929.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Messrs. Goebel, Dock & Goebel,* for defendant in error.

Ross, J. This case comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered for the plaintiff below, defendant in error in this court.

The trial was had without the intervention of a jury. No evidence was introduced on the part of the defendant.

The action was based upon a policy of insurance covering accidental breaking of a steam engine in the plant of the defendant in error.

The petition alleged the execution and delivery of a policy of indemnity insurance (a copy of the policy being attached to the petition) and alleged that while the policy was in full force there was an accidental breaking of an engine covered by said policy, and stated the amount of the loss by reason of said accidental breaking.

The answer admitted the existence of the indemnity insurance, but denied the accidental breaking of the engine and any loss due to accidental breaking.

The court found in favor of the plaintiff, and judgment was entered in its favor.

No motion for a new trial was filed, and there is

no agreed statement of facts, nor separate findings of facts and conclusions of law by the court.

The defendant in error filed a motion to dismiss the petition in error for the reason that no motion for a new trial was filed in the court below.

While the petition in error alleges as a ground for a reversal that the judgment is against the weight of the evidence, the main ground upon which reversal is sought is that there is no evidence supporting the claim that there was an accidental breaking, and that consequently the court erred in rendering judgment for the plaintiff. A motion for a new trial under such circumstances is not necessary in order that this court may pass upon the judgment of the court below. There is no dispute as to the facts. It is stated in *Laut Baking Co.* v. *Middleton,* 118 Ohio St., 106, at page 119, 160 N. E., 629, 633:

"It has been repeatedly held in this state that such a motion is required in order to review the weight of the evidence. However, an error of law, for want of proof, 'arises where there is no evidence fairly tending to establish one or more facts the existence of which is essential to the recovery.' *Turner* v. *Turner,* 17 Ohio St., 449, 452."

We hold therefore that, while this court cannot pass upon the weight of the evidence in the absence of a motion for a new trial, such motion is not necessary in order to determine whether or not there was any evidence tending to support the claim of the defendant in error that there was an accidental breaking, within the terms of the policy.

The pertinent clauses of the policy are as follows:

"(A1). The word 'Accident' shall mean only the sudden, substantial and accidental *breaking* of the

engine aforesaid or any part thereof not hereinbefore excluded, while running, *which immediately prevents the continued operation of the engine* and which necessitates repair or replacement before its operation can be resumed.''

"(B4). Nor shall the Company be liable (d) for the value of, or the renewal or the repair of, any part of a machine or other object which has broken or failed because of the deterioration or weakness of such part produced by wear.''

The evidence showed that the engine had been in operation for some time, when the stuffing box was refilled with a metallic packing, similar to the packing with which the stuffing box originally was packed, and a packing used by the defendant in error successfully in other equipment. The stuffing box was, some time after the installation of the new packing, tightened down, and soon thereafter it was noticed that the piston rod had become overheated and was smoking. The engine was shut down, and, upon examination, it was found that the piston rod and the piston and cylinder were scored in a number of places. Small particles of some foreign substance were found in the cylinder. The metallic packing was later restored and new piston rings put in. The piston rod was smoothed off, and the engine put into operation, and it was some time later when it was again taken down, and a new piston rod installed, and the cylinder rebored.

Two of the employees of the defendant in error were called to testify as to the injuries to the engine. Pertinent evidence is as follows:

The witness Hayse:

"Q. Did you observe anything about the engine

broken—any part of it that was broken? A. No, there wasn't anything broken, only the lining of the gland of the stuffing box.

"Q. Was that broken or just loose? A. Pulled off—like broken and pulled off the babbitt wheel.

"Q. How is the lining of the box put in? A. Poured in.

"Q. That had become loose? A. Just parts of it.

"Q. Parts of it had become loose from the seating? A. Yes, from the seating of the gland. * * * No, I couldn't tell what had gone wrong with them.

"Q. Now was there anything else wrong with the engine that you recall, Mr. Hayse, or was there anything else done to the engine except that which you have described, namely the smoothing off of the piston rod, or putting in of new rings and eventually the reboring of the cylinder and putting in of new piston head? A. That was all."

The witness Kohne:

"Q. Did you get my question, Mr. Kohne? A. I do, but—

"Q. What was done to the engine? A. We smoothed up the rod and repacked it.

"Q. Do anything to the piston? A. New rings was put in. * * *

"Q. Did you find anything at all wrong with the engine other than you have described, when you examined it? A. No, sir.

"Q. You found no break in any part of it? A. No, sir.

"Q. And you proceeded to get it in shape so you could operate it temporarily until you made the necessary permanent changes? A. Yes, sir."

This evidence not only fails to show, in our opinion, a breaking of the engine within the meaning of the policy, but positively negatives the possibility of there being any breaking, as contemplated by the terms of the policy, taking the words in their ordinary commonly accepted meaning. In addition thereto, the policy provides that the word "accident" shall mean only a breaking "which immediately prevents the continued operation of the engine." The policy evidently requires that the *breaking shall prevent the continued operation,* and the discontinuance of its operation. In this case the evidence shows that it was *good engineering* that caused the shutting down of the engine.

The witness Kohne testified:

"Q. In the condition you found the engine on the 4th when you came in, it was impossible to run it in that condition, you say? A. Yes.

"Q. Why, Mr. Kohne? A. That's not good engineering."

We think it manifest that the wearing away of the packing of the stuffing box did not immediately prevent the continued operation of the engine. The language used in the policy evidently contemplates some fracture of some part of the engine, and not simply an abrasion of the surface of the bearing parts, such as occurred in this case.

For the reasons stated, in our opinion, the judgment of the court below was erroneous. The facts not being in dispute, the judgment that the court of common pleas ought to have rendered will be entered here, in favor of the Travelers' Indemnity Company, the plaintiff in error.

*Judgment for plaintiff in error.*

CUSHING, P. J., and HAMILTON, J., concur.