## LEEDY v MALCOLM

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10376.   Decided April 21, 1930

Raymond E. Hyre, Cleveland, for Leedy.
J. E. Mathews, for Malcolm.

SULLIVAN, J.

There is no substantial evidence in the

record that the plaintiff ever made claim after executing the written instrument of separation, until about the time of the trial of the cause but it distinctly appears that in a letter to her husband written between 1924 and 1926 she declared that she had no interest in her husband's property and was making no claim to that effect.

As to the provisions of the written contract, settling the property questions, there can be no question and as to its execution being followed up with separation there can be no question. It is true that claims are made that there were certain periods of cohabitation after the execution of the written instrument, but this evidence in and of itself is not sufficient to show an abrogation of the terms of the written instrument. An intention to abrogate the agreement, in order for plaintiff to make up her case, must appear in connection with the marital intimacies which it is claimed took place subsequent to the written instrument. The same sort of proof necessary to show to the contract as to property rights and separation is just as necessary to prove the abrogation of the contract as it is to prove the contract of separation itself. There must have been a meeting of the minds upon the question of abrogation and it must appear from the evidence by facts or circumstances that there was an intention of a mutual nature to annul the written agreement. The cancellation of the contract required mutuality of act and conduct just the same as the instrument of writing itself required mutuality or a meeting of the minds, in order to form the contract. We find that there is no proof justifying any such intent in the record and consequently, in our judgment, there is credible evidence in the record to sustain not only the execution of the contract but the separation which took place immediately after the execution of the instrument.

The plaintiff relies upon **Schneider vs B & L. Company, 26 Oh Ap 70**, but from an examination of that case we find that the Court of Appeals used as an element of consideration that there was not, in fact, a contract of separation and in that case the parties did not cease living together and after the so-called agreement other children were added to her household. Another distinguishing feature between that case and this, is in the latter there was personal service in the suit in Lake County, Ohio, whereas, in the Schneider case supra, the husband filed a suit for divorce in Reno, Nevada, where a fraudulent decree of divorce was procured and upon constructive, instead of personal service.

In the consideration of this case we must bear in mind always that the claim is not made by the plaintiff against her former husband, but it is made against the defendants John A. Malcolm and Clara Malcolm, who, as far as the record is concerned, were innocent as far as any contract of separation and any property rights adjudged by the Knapps. The assault is made upon the property which the plaintiff's former husband sold and which is now owned by the defendants, and it is sought, because of the abrogation of the contract, to lower a cloud upon the title of this property held by the defendants, by reason of the claim of the plaintiff that she holds a dower interest therein as the former wife of Frank Knapp.

The question naturally arises, can a woman who is not a wife claim dower in her former husband's property? When we come to look at the definition of "dower" we find it applies to the right of a wife who survives her husband. The present plaintiff is not the wife of her former husband but the ex-wife and if she were seeking directly to hold her husband, notwithstanding the written agreement for her dower interest in the property, the fact that she claimed no dower in her suit for divorce in Lake County, Ohio, would preclude her claim because she submitted, in that proceeding for divorce, to the Lake County court all her marital rights and made no claim for any alimony and certainly if she could not do that as against her husband she could not as against the defendants who are innocent of the existence or execution of the written agreement in question.

In any event, however, she would have no dower interest except in case of abrogation. Under **7999** and **8000 GC**, the legislature fully recognized the right of husband and wife to contract with each other in cases like the one at bar, and in **Hoagland vs Hoagland, 113 Oh St 228**, a marital contract similar to the one at bar is recognized as effective where the contract to separate is actually followed by separation, as it appears in the instant case from the record, even though there is some evidence of occasional intimacy but they are not impregnated with any legal force because there is no connection between the acts and any intent of a mutual nature to cancel the written agreement, and it is very questionable whether, under our statute, the evidence as to these marital acts is competent because they were privileged communications between husband and wife and not in the presence of other parties.

Upon the question of the necessity of intent to abrogate we cite Dennis v Perkins, 88 Kan. 426, which is as follows:

"(1) Reconciliation and the resumption of marital relations do not necessarily avoid a separation agreement previously made by the parties; such effect depending on the question whether the provisions of the contract and the conduct and circumstances show an intention to treat the agreement as no longer in force.

(2) Such reconciliation and resumption do not warrant the court in deeming such contract avoided any further if at all, than its terms, taken in connection with all the situation and conduct of the parties, indicate their intention to avoid it."

Also Daniels vs Benedict, 38 C. C. A. 592, 97 Fed. 367 which is:

"It is not subsequent cohabitation alone which avoids such agreements but the intentional resumption of them and the reconciliation which the resumption of marital relations sometimes evidences. So far as subsequent cohabitation establishes such an intention, and

so far only, does it have the effect of avoiding the contract."

There is no question but that the trend of the position of the courts at the present time upon the question under discussion here, is that husband and wife have power to contract with each other and fix their own relations in a permanent sense, as is done in Baird vs Connell, 121 Iowa, 278 and many other authorities.

Summarizing from the record, our view is that there was a contract which determined the rights of the Knapps in each other's property with respect to dower; that the contract of separation was followed up by actual separation and that subsequently no act was committed which was mutual in character that abrogated the agreement and neither is there any evidence in the record of any intent on the part of either one of the Knapps that the written agreement should be cancelled, and this conclusion, so far as the plaintiff is concerned, is sustained by the action of the plaintiff herself in her suit for divorce in 1918 in Lake County, Ohio, wherein she asserted no right contrary to the written agreement and it is necessarily a logical conclusion that if she thought she had any rights of dower or believed that the contract had been abrogated, that she would not have remained silent and asked for no alimony, but, on the contrary, would have asserted her rights if there had been any foundation in her own mind for the claim of dower which she released in the written instrument in question, and which by her conduct she sustained and approved throughout her entire subsequent conduct.

With this interpretation of the record in view a court of equity would not be justified in taking from the defendants any of their property purchased from the former husband of the plaintiff, and under the record it seems conclusive that the cloud, by reason of the claim of dower, should be removed under the prayer of the cross-petition.

Thus holding a decree may be entered in favor of the defendants. Order see Journal.

Vickery, PJ, and Levine, J, concur.