## CHAPMAN v MANIX et

Ohio Appeals, 2nd Dist, Darke Co

No 447. Decided March 6, 1934

Billingsley & Manix, Greenville, for defendants in error.

Andrews, Rogers & Scott, Hamilton, for plaintiffs in error.

## OPINION

By HORNBECK, PJ.

Submitted on motion of defendants in error to dismiss the petition in error for the reason that there was no motion for a new trial filed to the judgment and decision of the trial court and because there is no order of the trial court overruling the motion for new trial and no exceptions noted to the overruling of motion for new trial.

We are not committed to the general proposition that it is always necessary to file a motion for a new trial to review the action of the trial court. However, in this case, we have examined the petition in error and each of the four subdivisions thereof and it becomes evident that it would be necessary in this court to review the evidence taken in the trial court on the appeal from the judgment of the Probate Court. A motion for a new trial gives opportunity to the trial court to again consider his action in weighing the evidence and where upon error the weight of the evidence is necessarily involved and the determination with respect thereto being necessary to a judgment in a reviewing court, it is essential that a motion for a new trial be filed and acted upon within

the statutory time and exceptions to the overruling thereof should be noted.

It is said in 2 **O. Jur.**, par. **228**:

"It is a general principle of law that since the right to a review of findings and decisions on the weight of the evidence by error is statutory, the party seeking the review must conform to the statute giving the right. To do this, he must have exhausted his remedy in the court below where the evidence was heard." Citing **Ide v Churchill, 14 Oh St, 372.**

"The remedy in the trial court is never exhausted until the court has refused him a new trial upon a motion assigning for cause that the finding is not supported by sufficient evidence or that it is contrary to the evidence." **Kepner v Snively, 19 Ohio, 296; Merchants & Mfrs. Ins. Co. v Shillito, 15 Oh St, 559; Spangler v Brown, 26 Oh St, 389; C. H. & D. R. Co. v Kassen, 49 Oh St, 240; Minnear v Holloway, 56 Oh St, 148.**

**State ex Porter, a taxpayer v Clark et, Board of Commissioners of Sandusky County, 112 Oh St, 133,** was a case originally tried in the Common Pleas Court; and after judgment there was appealed to the Court of Appeals, where it was tried de novo upon pleadings and evidence. The Court of Appeals held against the plaintiff and denied him an injunction. The final entry discloses that the matter was determined in the Court of Appeals upon evidence. Error was prosecuted, and the Supreme Court in determining the case said:

"There was no motion for a new trial filed in the Court of Appeals nor was there an agreed statement of facts nor findings of fact or conclusions of law had in that court. It is therefore impossible for this court to determine the legal questions attempted to be urged by counsel for plaintiffs in error."

Our express question is determined in **Westfall v Dungan et, 14 Oh St, p. 276.**

Syl. 1. "The findings of a court or jury, on the trial of issues of fact made by the pleadings in an action, are not subject to review on error, except where it appears from the record that a motion for a new trial has been made on the ground that the verdict, or finding of the court, is against the evidence, and such motion has been overruled."

The motion to dismiss must be sustained.

BARNES, J, concurs.
KUNKLE, J; not participating.