## FAIRLEY v WILMINGTON COLLEGE

Ohio Appeals, 1st Dist, Clinton Co

No 101.   Decided April 26, 1935

John Harlan, Wilmington, and C. Luther Swain, Wilmington, for plaintiff in error.

Clevenger & Cartwright, Wilmington, and Barns & Barns, Wilmington, for defendant in error.

**OPINION**

By MATTHEWS, J.

No motion for a new trial was filed. This court, therefore, cannot review the findings and decision of the weight of the evidence. **2 O. Jur., p. 264.** We do have jurisdiction to review the rulings applying the law to the facts. Id.

In this state of the record, we need consider but two questions.

The first is, whether there is evidence in the record that Anna B. Hunt had the intent to enter into this contract. The trial judge found that she had so intended. Without discussing the evidence in detail, it is sufficient to say that at the time alleged, she was present and in a position to see and hear everything that transpired. She was consulted, the subscription contract was seen on the table directly before her, her husband sitting beside her signed his name, she was in a position where she could sign without moving, she must have seen the card or contract pass from her husband to Mr. Hiatt, who announced to the assembly that David B Hunt and Anna B. Hunt had subscribed $12,500.00. She received the congratulations of those present on having made the pledge. It is a fair inference that she either signed or authorized some one else to sign her name to the writing. In either contingency, she would be bound. The signing is not required by the law to be the physical act of the person whose name is appended. Even in the law of negotiable instruments the maker may sign through an agent. §8124, GC. Where a statute requires the writing to be signed by the person to be charged or his duly authorized agent "The agent may sign his principal's name without indicating his agency." 25 R.C.L. 686. And, of course, in the case of an ordinary contract not required to be in writing, the rule is clear that "An agent * * * may render his principal liable * * * by signing his principal's name only, without any indication of agency." 21 R.C.L., 849.

We have not overlooked the contention that the writing was not admitted in evidence as to Anna B. Hunt. We do not think the record sustains this position. The court specifically said: "It (the writing) is before the court, but not as to her proved signature. She may be estopped from denying that by circumstances." As we construe that and other expressions of the trial judge, he referred to the contention that there was no evidence that anyone saw her in the very act of signing and there was no evidence that the name "Anna B. Hunt" was in her handwriting. He agreed that this was so at the close of the plaintiff's evidence, but he thought the circumstances indicated that she might be estopped by the circumstances. That is the reason he overruled the motion for judgment at

352

that time. The fact that judgment was rendered in favor of the plaintiff conclusively shows that the writing was admitted in evidence.

The other question is, whether this promise is supported by consideration. It will be observed that it sets forth the purpose and the consideration. The purpose was, the endowing and improving Wilmington College. The further consideration was "the pledges of others made for the same purpose." In Restatement of Law of Contracts, Vol. 1, §75, p. 80, the rule is stated that:

"(1) Consideration for a promise is * * * (d) a return promise, bargained for and given in exchange for the promise.

"(2) Consideration may be given to the promisor or to some other person. It may be given by the promisee or by some other person."

In the Ohio Annotations to that section of the Restatement many Ohio cases are cited and extracts from them quoted showing that the law of Ohio is in accord with the text. The high authority of the Restatement makes it sufficient basis for our decision without multiplying authority from which the rule stated in the text was deduced.

The rule that mutual promises are sufficient consideration each for the other has been recognized as the law from the earliest period of the common law. The decedent obtained the consideration for which she bargained.

Finding no error in the record, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.