## SCHWENKEL v SCHWENKEL

Ohio Appeals, 2nd Dist, Darke Co

No 511.   Decided Dec 24, 1936

George W. Porter, Greenville, for plaintiff-appellee.

Billingsley & Manix, Greenville, for defendant-appellant.

### OPINION

By BARNES, J.

The above entitled cause is now being determined on appeal from the judgment of the Common Pleas Court of Darke County, Ohio. The action originated as one for divorce and alimony. From the transcript of docket and journal entries it appears that personal summons was had, after which defendant filed answer in the nature of a general denial, the only admissions in the answer being that the plaintiff was a resident of the State of Ohio and Darke County, as alleged in her petition, and that the parties were married at the time alleged. After hearing, plaintiff was decreed a divorce and adjudged alimony in the sum of $700.00. The final order and judgment was dated and journalized May 21, 1936. The notice of appeal was filed June 11, 1936. As we calculate, this was twenty-one days following the entry of final judgment. The Code provides appeals must be taken within twenty days. §10216 GC prescribes the method of computation. This section reads as follows:

"Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

June 11 fell on Thursday and hence the "unless" provision would not apply.

The time within which appeals must be filed is jurisdictional, and jurisdictional questions may not be waived. A reviewing court always looks to the question of its jurisdiction, whether raised or not.

From the above it follows that this court has no jurisdiction to hear the case.

There are other infirmities to which reference may be advantageously made as a guide in other cases.

The notice of appeal filed by defendant reads as follows:

"Now comes the defendant, Jacob Schwenkel, and gives notice of his intention to appeal this cause on law and the facts to the Court of Appeals of Darke County, Ohio.

Jacob Schwenkel,
By Billingsley & Manix,
Attorneys for Defendant."

Sec 12223-1 GC, Subdivision 3, defines appeal on questions of law and fact. Subdivision 3 reads as follows:

"The 'appeal on questions of law and fact,' shall be construed to mean a rehearing and retrial of a cause upon the law and the facts and shall include all the pro-

ceedings heretofore and otherwise designated as an appeal, and shall be the same as may be designated by the phrase 'appeal on questions of fact'."

Sec 12223-21 GC, Subdivision 2, is a little more explicit and reads as follows:

"An appeal taken on questions of law and fact shall entitle the party to a hearing and determination of the facts de novo and shall be upon the same or amended pleadings."

The other form of appeal prescribed under the new procedural act is "appeal on questions of law." Subdivision 2 of §12223-1 GC gives the definition and reads as follows:

"The 'appeal on questions of law' shall be construed to mean a review of a cause upon questions of law including the weight and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error."

Defendant's notice of appeal on questions of "law and the facts" was evidently an inadvertence. The word "the" would not change the nature of the appeal from appeal on law and facts to one on law.

The new procedural act must be read in the light of the Constitution of the State of Ohio. Under the Constitution the only instances in which de novo hearings may be granted are chancery cases. This is the provision of the Constitution of 1912. Since the adoption of the Constitution of 1912 it has been repeatedly and universally held that divorce and alimony actions are not appealable.

Our conclusion that defendant's appeal on question of law and fact was an inadvertence is based on the above well understood rule that divorce and alimony actions are not appealable, coupled with the further fact that defendant did not give an appeal bond. This is a requisite on all appeals on questions of law and fact.

"Sec 12223-6 GC. Appeal bond. Except as provided in §12223-12 GC, no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond be filed at the time and notice of appeal is required to be filed."

But for the fact that the defendant failed to file his notice of appeal within the time prescribed under the act, the incorrect designation of his appeal "on law and facts" could be corrected so as to hold the case as an appeal on question of law. §12223-22 GC, subdivision 2, reads as follows:

"Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

Sec 11564 GC, in the second paragraph, prescribes the procedural steps. This portion of the section reads as follows:

"Provided, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions."

In the instant case there would be a further impediment in that the bill of exceptions disclose that no motion for new trial was filed. The fact that no motion for new trial was filed would prevent the settlement of a bill of exceptions. 2 Ohio Jurisprudence (Appeal and Error), §§227-228.

We do not mean to say that a motion for a new trial is requisite in all cases but only where the claimed error can only be manifest from a review of the testimony. In the instant case it is disclosed from the briefs that the claimed error can only be shown from a review of the facts. In the instant case there has been filed a bill of exceptions and it has been approved and settled by counsel representing the parties, but was not signed by the trial court. Whether or not this in any case could be construed as a compliance with §11571 GC, is not determined. Appellants should also observe Rule VII of our court requiring assignments of errors and briefs to be filed within fifty days after filing notice of appeal.

By way of further dictum it may be comforting to counsel to know that before discovering the jurisdictional defects we examined the cause on the merits, and readily arrived at the conclusion that the judg-

ment of the lower court should not be disturbed.

Upon the factual questions we would feel bound by the finding and judgment of the trial court.

It is only where the verdict of the jury or the finding of the court ■■■■■ ■ on the facts is so manifestly against the weight of the evidence as to shock the conscience that a reviewing court will interfere.

Much that has been said in this opinion is unnecessary to a determination of the case, and our only excuse for the extended opinion is a desire in a limited way to clear up some of the misunderstandings so frequently arising under the new procedural act, effective January 1, 1936.

Defendant's appeal will be dismissed on the ground that this court has no jurisdiction to hear the same.

Exceptions will be allowed.

CRAIG, PJ, and HORNBECK, J, concur.