## LUCAS v LUCAS

Ohio Appeals, 2nd Dist, Montgomery Co

No 1455. Decided Feb 7, 1938

Allaman, Funkhouser & Murr, Dayton, for defendant, appellant.

Herbert Eikenbary, Dayton, for plaintiff, appellee.

## OPINION

By GEIGER, J.

This cause had its inception in the court of Common Pleas of Montgomery County and is before this court upon questions of law on notice of appeal given by the defendant below. The plaintiff below, while he excepted to the final order of the court, gave no notice of appeal. In this court he has filed what he designates a cross-assignment of error.. This court has recently held that a party in a proceeding in the common pleas court may not invoke the jurisdiction of this court on alleged assignments of error, unless he has taken the proper procedure in the court below to lodge his complaint in this court. Harry Lucas having given no notice of appeal, may not therefore, have considered his cross-assignment of errors and the same will be disregarded.

The action below was begun by Harry Lucas, the husband, filing a petition seeking a divorce from his wife Bess Lucas. The parties will be referred to herein as in the court below.

In his amended petition the plaintiff alleged that his wife had been guilty of gross neglect of duty in the manner specified.

He further avers that a certain article of separation was entered into between the parties which he now asks be set aside and declared null and void as between the parties, as the same did not represent a fair and equitable distribution of the property and alimony rights as between the parties. He prays that the property rights between the parties may be adjudicated on final hearing and that a divorce be granted to him.

To this petition the wife filed an answer and cross-petition in which she admits the articles of separation between the parties and denies the husband's allegation of proper conduct on his behalf and denies the allegations made by him against her of gross neglect of duty. She charges her husband with adultery and gross neglect of duty and asks that the amended petition be dismissed and that the aforesaid articles of separation be adjudged valid and and binding upon the parties hereto and that she may be awarded permanent alimony.

Various motions and citations for contempt for failure to abide by the order of the court are interlarded throughout the procedure.

It will be observed that the wife in her cross-petition does not ask for divorce, but for alimony only. The husband withdrew his allegations against his wife upon which he based his claim for divorce and proceeded so far as he was concerned, merely upon the petition to have the separation decree declared null and void. This situation appears from the entry of March, 1937, wherein it is stated that before taking any evidence the plaintiff having withdrawn all that portion of his petition alleging grounds and praying for divorce, said cause was submitted to the court upon the remainder of said petition, the answer and cross-petition of the defendant and the evidence.

It was ordered by the court, in the same entry, that the plaintiff pay to the defendant as and for her alimony, in money, the sum of thirty ($30.00) dollars per month, effective November 23, 1936, payable at the rate therein specified. It is from this order of the court fixing the alimony at thirty dollars per month that the defendant appeals, she asserting that under the separation agreement, the plaintiff agreed to pay fifty dollars per month. It will be noted that the court nowhere makes a finding declaring null and void the separation agreement as prayed for in the plaintiff's petition and which was the sole issue presented by him.

We are not favored with the decision of

the court, but may detect his viewpoint by inquiries made by him on pages 65, et seq., of the bill of exceptions. Under interrogatories by the court it was disclosed that while the separation agreement was made on May 6, 1935, the husband did not leave the domicile of his wife until August, in the meantime living as husband and wife. He returned a month later on account of a death in the family and stayed until New Year's Day of 1936, they living together as husband and wife.

The court points out that the contract was one for immediate separation and advised the wife, then the witness, through interrogatories, that when parties to such a contract go back together and become reconciled, that that cancelled the contract and that it is of no further effect and that if marital relations are resumed that would necessarily be a condonation and a suspension of the contract, unless a new one was made.

The court thereupon inquired of the wife what she received as a teacher, to which she responded "$129.00 a month for eight months". The inquiry was made "Your husband receives $170.00 a month, according to his figures, and if he paid you $50.00 a month that would leave him $120.00 a month and it would give you $179.00, wouldn't it?" The Judge inquired, "Do you think that is quite fair" to which the wife replied that she did.

The court thereupon made his order giving her $30.00 a month alimony, which added to the $129.00 she received as salary gave her $159.00 per month for eight months, and $30.00 for four months, and deducting the $30.00 from the $170.00 left the husband out of his salary $140.00 per month.

The wife had also received certain household goods of doubtful value and a deed in blank from her husband presumably conveying his dower interest in the property, which by the agreement was assigned to the wife. This property, while originally of the value of $6500.00, was at the time of the trial valued at $4500.00, with a mortgage of $3500.00 to be assumed by the wife.

Under the facts as presented by the record, is this court justified in finding that the court below was in error in awarding to the wife $30.00 per month alimony instead of $50.00 as provided by the agreement? Before we can properly answer this question, we must examine this agreement and the law relating thereto.

Secs 7999 and 8000 GC are pertinent especially the latter which provides,

"A husband and wife can not by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their chlidren during the separation."

The contract is attached to the bill of exceptions and so far as pertinent provides that whereas the parties have agreed upon an immediate separation they hereby evidence the terms upon which the separation is effected as further provided. One provision is that Harry Lucas agrees to pay $50.00 per month to Bess F. Lucas, the same being payable semi-monthly on or about the 9th and 24th day of the month. It is further agreed that each party hereto does hereby release and discharge the other from all obligations of support except as above specified and from all other claims, rights and duties arising or growing out of the marital relations.

It will be observed that the only allegations made in the petition by the husband in reference to this contract, upon which he based his prayer that it be declared invalid and cancelled is,

"because and through the fact that said articles do not represent an equal distribution of the property between these parties, is manifestly unfair and does place plaintiff herein at a decided disadvantage in his commercial and financial routine."

He makes no allegations as to reconciliation.

By the provisions of the statute, the parties were authorized to enter into the contract which was duly executed by them. The provisions of such contract are binding upon them even though they may have been subsequently divorced, provided they meet the requirements of the statute.

The Court below apparently treated the matter as if the contract between the parties was no longer in force, apparently considering that if the parties did not, as a matter of fact, separate or did return to the common abode after the agreement was made, that they thereby cancelled the agreement for separation. This is not always the case and the court is obliged to give consideration to the matter treated of in the contract and to the action of the parties themselves in reference thereto. But we have under consideration only the facts presented by the record in this case.

Where the postnuptial agreement is one for separation and maintenance only, it is

executory and where the parties become reconciled, a resumption of marital relationship will of itself revoke the agreement, but where the postnuptial contract is more than a mere separa- tion and maintenance agreement, but includes a division of property and a property settlement between husband and wife, it is ordinarily an executed agreement and the mere fact of reconciliation and resumption of marital relations, does not of itself revoke such a contract and where such an agreement contains an executed division of property it can be revoked only by clear agreement and intention between the parties that it shall be so revoked. **In re Estate Mary Price, 1 Ohio Opinions, 459.**

**In re Estate of Carnathan, 27 O.N.P. (N.S.) 65.**

In the case at bar there was no claim by etiher party that the contract was abrogated by mutual agreement or by resumption of marital relations. The husband asks that it be annulled by the Court's decree and the wife asks that it be sustained.

The Judge may, upon evidence, if the issue is made, determine that the separation agreement insofar as it affected the matters covered by the alimony decree was no longer valid because of the resumption of the marital status for considerable periods of time.

The writer of this opinion believes that no issue is made as to the validity of the separation agreement by reason of the resumption of marital relations, but if made that the trial judge may upon the evidence recognize it as a binding obligation or hold it to be invalid.

The majority is of opinion that issue is probably made upon the petition and answer thereto, certainly upon the answer and cross-petition and prayer and upon the evidence and that unless there is a change in proof the fact that the parties after execution of the separation agree- ment lived together as man and wife upon two occasions each of several months duration requires the determination that the agreement is invalid.

**Snyder v Buckeye State Bldg & Loan Co. 26 Oh Ap 166.**

**Carnathan's Estate, 27 O.N.P. (N.S.) 65.**

**Geesy v Wakefield State Bank, 3 Abs 171, 85 A.L.R., 420.**

The writer of the opinion is of the view that it would not be fair to either party to determine the invalidity of the agreement by reason of continued and subsequent cohabitation unless such an issue is made in the pleadings, which in his judgment has not been done.

We recognize the distinction which the cases make, between a postnuptial agreement, which provides merely for separation and separate maintenance, and one which goes beyond this and is, in effect, a good voluntary settlement by the husband on his wife.

The necessity for the reversal is that it can not be determined from the judgment entry whether or not the trial judge made his order upon the theory of the validity or the invalidity of the separation agreement. This should be specifically determined, and having so done, the court then should take up and decide all questions germaine to alimony which would have been affected by the agreement had it been effective.

Cause reversed and remanded.

BARNES, PJ and HORNBECK, J, concur.