**EDWARD WREN CO v RETAIL CLERKS UNION LOCAL No 190 et**

Ohio Appeals, 2nd Dist, Clark Co

No 390.  Decided Nov 4, 1938

Aaron J. Halloran, Springfield, for plaintiff-appellee.

Robert Morean, Springfield, for defendants-appellants.

**OPINION**

By THE COURT

The above entitled cause is now being determined on defendants-appellants' motion to dismiss appeal and also on the merits, should motion to dismiss be overruled.

Counsel for defendants-appellants waived oral argument. Counsel for plaintiff made brief statement as to the nature of the motion and thereafter waived further argument.

Plaintiff, through its petition, sought an injunction restraining defendants from picketing their retail store, located in Springfield, Clark County, Ohio. Claim was made in the petition that there was no labor dispute, with any employees or any other situation through which picketing might be permitted.

The defendants, in their answer, admitted the identity of the parties and thereafter denied the remaining allegations of the petition.

From the transcript of docket and journal entries it appears that the cause came on for hearing in the Common Pleas Court, and that the court after hearing evidence found in favor of the plaintiff, sustaining the restraining order, as prayed for.

Counsel for defendants within time duly gave notice of appeal on questions of law the fact. Strictly speaking, this means a chancery appeal for hearing de novo. The action was one in chancery and therefore could properly be appealed on questions of law and fact.

Sec 12223-6 GC, provides that no appeal on questions of law and fact shall be effective unless and until the order, judgment or decree appealed from is superseded by a bond. In the instant case no appeal bond was given, and hence the cause may not stand in our court as an appeal in chancery to be heard de novo.

Our court has repeatedly held that we will not dismiss a cause where the notice of appeal is designated an appeal on law and fact, with no bond given within the statutory period, but will hold the case as an appeal on questions of law, which means an error proceeding. The Supreme Court has recently made a similar ruling.

Sec 12223-22, GC, paragraph 2, is the authorization for such proceeding. Where such an order is made, §11564, GC, provides that the Court of Appeals shall fix a time not to exceed thirty days for the preparation and settlement of a bill of exceptions. Through plaintiff's motion to dismiss the appeal our attention is called to the fact that no motion for new trial was filed in the Common Pleas Court. This is a condition precedent to the allowance of a bill of exceptions, and unless motion for new trial is filed, we are powerless to make the order as provided in the above section §11564 GC.

Our court had this question under consideration in the case of **Chapman v Manix,** (Darke County, **17 Abs 16**). A number of decisions in the Supreme Court are cited. A very late pronouncement by the Supreme Court is **State ex Porter, a Taxpayer, v Clark et, Board of Commissioners, etc., 112 Oh St 133.** It is universally held that the failure to file motion for new trial is a legal objection to signing and allowing bill of exceptions.

We have examined the transcript of docket and journal entries, and it clearly appears therein that no motion for new trial was filed. We do find in the file what is designated transcript of testimony purporting to be filed in our court April 21, 1938. This document may not be considered as a bill of exceptions, since the statutory requirements are not complied with. First, this document was not filed in the Common Pleas Court, as required, nor was it authenticated by the trial court nor otherwise, as provided in §11671 GC. In short, it has no legal significance whatever.

It sometimes happens that the errors complained of do not require a bill of exceptions. Counsel for defendants-appellants has filed a paper in this case which he designates "assignment of errors", and we therefore assume that he has abandoned his original appeal in chancery and is desirous to proceed as an appeal on law, (an error proceeding). Through the assignment of errors it clearly appears that counsel is making no claim of error other than would be manifest through the evidence. However, we have examined the record in addition to the assignment of errors to ascertain if error is manifest, independent of the claims made in the assignment of errors. We are unable to find any.

Counsel having failed to take the requisite steps through which the bill of exceptions may be before us, we are unable to know what it disclosed through the evidence. It therefore follows that appellants have failed in their obligation to affirmatively present error. Under this situation we are compelled to affirm the judgment of the trial court and the appeal of defendants will be dismissed.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.