In re Estate of Shafer.

(No. 461—Decided February 21, 1944.)

*Mr. C. Cecil Huntsman,* for appellant Mary Alice Shafer.

*Mr. Donald A. Dietsch,* for appellee Trudie L. Shafer.

GUERNSEY, P. J. This is an appeal on questions of law and fact from a judgment of the Probate Court of Hancock county, overruling exceptions of Mary Alice Shafer to the inventory of the estate of Alvin Ross Shafer, deceased, filed by Aubrey R. Moul, administrator with the will annexed, and adjudging that Trudie L. Shafer is entitled to the exempt property set off to her in schedule A-1 and to the year's allowance set off to her in schedule F in the inventory and appraisement.

In her exceptions to the inventory, Mary Alice Shafer, who is the sole legatee and devisee under the last will and testament of Alvin Ross Shafer, pleads the terms of a separation agreement made and entered into by and between the decedent Alvin Ross Shafer and Trudie L. Shafer, his wife and surviving spouse, under date of June 16, 1943, as barring Trudie L. Shafer from any rights in the property set off to her as exempt in schedule A-1 and to the year's allowance set off to her in schedule F, as the surviving spouse of Alvin Ross Shafer.

To these exceptions, Trudie L. Shafer filed a reply in which she pleads that she is the only true and lawful surviving spouse of Alvin Ross Shafer, deceased, and that the separation agreement dated September 13, 1941, which the exceptor cites as a bar, is and was null and void and ineffective as against her for the following reasons:

"That said separation agreement itself recites and shows that no actual consideration was paid to Trudie

L. Shafer other than one-half of the money and property already legally due her independently of the agreement. There was absolutely no consideration to support the release provisions of the agreement, quoted in full by the exceptor. That said agreement was a fraud upon Trudie L. Shafer, as she received absolutely nothing for the alleged release provisions and was obtained by Alvin Ross Shafer taking his wife to his own counsel and without having any legal counsel of her own to explain the highly technical nature of the instrument itself.

"That after signing the instrument, Trudie L. Shafer and Alvin Ross Shafer became reconciled and lived together and specifically agreed between themselves that the separation agreement be abrogated and have no legal effect whatsoever."

The prayer in this reply is that the court dismiss the exceptions filed to the allowance set forth in the inventory; for an order setting aside the alleged separation agreement; and for such other and further relief as may be proper.

To this reply, the exceptor, Mary Alice Shafer, filed a pleading which she designated "answer and reply of Mary Alice Shafer" and which amounts to a general denial of the allegations thereof.

Neither the exceptions filed by Mary Alice Shafer nor the pleading designated "answer and reply of Mary Alice Shafer" contains any averments which show the contract of separation to have been fair, reasonable and just to Trudie L. Shafer under the then existing circumstances.

Under the provisions of Section 6, Article IV of the Constitution of Ohio the only appellate jurisdiction conferred on the Court of Appeals is in the trial of chancery cases, that is, a retrial of the facts in such cases.

As the jurisdiction of the Court of Appeals is pre-

scribed by the Constitution it cannot be enlarged or diminished by statute.

The question therefore arises as to whether this case is a chancery case, within the purview of such constitutional provision, and retriable upon the facts.

By the provisions of Section 8, Article IV of the Constitution of Ohio, jurisdiction in probate and testamentary matters and in the settlement of accounts of executors and administrators is conferred upon the Probate Court. By virtue of the constitutional provisions conferring such jurisdiction, the Probate Court has plenary power fully to dispose of any of those matters properly before the court, and such power comprehends the power to adopt and apply such remedies, legal or equitable, as may be suitable for such purpose. Insofar as these matters are concerned, Section 10501-53, General Code, prescribing that the Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is otherwise limited or denied by statute, adds nothing to the jurisdiction of the court.

However, the procedure of the court in the exercise of its jurisdiction may be prescribed by statute, and is so prescribed in matters of exceptions to accounts and inventories.

The jurisdiction conferred on the Probate Court by the Constitution comprehends jurisdiction of all matters which were the subject of adjudication in the instant case, and although the attack on the validity of the separation agreement, made by Trudie L. Shafer in her reply to the exceptions of Mary Alice Shafer to the inventory, invoked a remedy which ordinarily may be invoked only in chancery cases, such remedy was incidental to the exercise by the Probate Court of the jur-

isdiction conferred on it by the Constitution, and did not change the character of the case from a probate and testamentary matter, and an accounting by an executor or administrator, into a chancery case. See *In re Estate of Gurnea,* 111 Ohio St., 715, 146 N. E., 308; *Squire, Supt. of Banks,* v. *Bates,* 132 Ohio St., 161, 5 N. E. (2d), 690.

The court, therefore, *sua sponte* determines that the case is not a chancery case; that, therefore, it does not have jurisdiction of the appeal as an appeal upon questions of law and fact; and that the appeal stands as an appeal upon questions of law only and will be so considered, a bill of exceptions, assignments of error and briefs of the parties having been heretofore filed herein perfecting the appeal as an appeal upon questions of law.

As disclosed by the bill of exceptions, the following facts are in evidence in this case:

Trudie L. Shafer was married to Alvin Ross Shafer, the decedent, on September 10, 1940, following his divorce on such date from Mary Alice Shafer.

After her marriage she expended $2,976.46 in improvements to the real estate occupied by herself and husband, the title to which was in the name of Alvin Ross Shafer.

Under date of October 26, 1940, Alvin Ross Shafer executed and delivered to her a deed conveying to her an undivided one-half interest in such premises.

The premises mentioned are the premises referred to in the separation agreement.

Under date of September 13, 1941, Trudie L. Shafer and Alvin Ross Shafer entered into a separation agreement in writing, which is in the words and figures following:

"These articles of separation, made and concluded

at Findlay, Ohio, this 15th day of September, 1941, by and between A. R. Shafer and Trudie L. Shafer, husband and wife, witnesseth:

"That whereas, the parties have agreed upon an immediate separation, and

"Whereas, the said A. R. Shafer has this day paid to the said Trudie L. Shafer the sum of nineteen hundred and seventy-five dollars ($1,975), the receipt of which is hereby acknowledged, said sum being the value of the interest of the said Trudie L. Shafer in the real estate formerly occupied by the parties hereto, and on this day sold to T. B. Clymer and Winifred Clymer, and for the value of the interest which the said Trudie L. Shafer had in one (1) farm tractor, and

"Whereas, the said Trudie L. Shafer has assigned, conveyed and transferred to said A. R. Shafer the following personal property:

"1. All of the household furniture which the said A. R. Shafer had in the residence lately occupied by said parties before the said A. R. Shafer and Trudie L. Shafer were married.

"2. All of the farm machinery, implements and farm equipment now owned by the said A. R. Shafer and located on the real estate formerly occupied by said parties.

"3. All growing corn and ear corn on the premises formerly occupied by the parties, being approximately three (3) acres.

"4. 1 1938 Ford sedan automobile.

"And whereas, in consideration of the premises, the said A. R. Shafer does hereby assign, convey and transfer to said Trudie L. Shafer any and all interest which he may have in all of the household furniture, goods and effects in the residence lately occupied by said parties, except that part which he reserved to himself hereinabove, and

"Whereas, the said parties have agreed, and hereby

do agree, to sell all of the hay, oats, wheat, livestock and chickens which are on the premises formerly occupied by the parties hereto and divide the proceeds received from the sale thereof equally between them.

"Now therefore, in consideration of the premises, each party hereto does hereby release and discharge the other from all obligations of support, and from all other claims, rights and duties arising or growing out of said marital relation; and said parties mutually agree that each party hereto may freely sell or otherwise dispose of his or her own property, by gift, deed, or last will and testament, and each party is by these presents hereby barred from any and all rights or claims by way of dower, inheritance, descent, distribution, allowance for twelve (12) months' support, right to remain in the mansion house, and all rights or claims as widow, widower, heir, distributee, survivor, or next of kin, and all other rights or claims whatsoever, in or to the estate of the other, whether real or personal, and whether now owned or hereafter to be acquired, which may, in any manner, arise or accrue by virtue of said marriage.

"And each party hereto, for the considerations aforesaid, does hereby release and relinquish to the other, and to the heirs, executors, administrators, devisees, legatees and assigns of the other, all claims or rights of dower, inheritance and a distributive share, or as widow, widower, heir, survivor, distributee or next of kin, in and to all of the estate of the other, whether now owned or hereafter acquired, and all claim or right to an allowance for twelve (12) months' support, or to reside in the mansion house, and all other rights or claims whatsoever, which may, in any manner, arise or accrue by virtue of said marriage.

"And each party further agrees that the other party shall have full liberty to dispose of all his or her property, real and personal, whether now owned or

hereafter acquired, during life, or by last will and testament, and that, upon the death of such party, all of his or her property, real and personal, which shall not have been disposed of, during life or by last will and testament, shall descend to, vest in and be distributed to, such person or persons as would be entitled to the same by the statutes of descent and distribution of the state of Ohio then in effect, had the surviving party died during the life of the other party.

"And each party hereby waives any right which he or she may have, to administer the estate of the other party, upon the death of such other party.

"Each party hereto further agrees, upon request of the other, to execute and acknowledge any and all deeds or other instruments of release or conveyance to enable such other to sell, convey, mortgage, or otherwise dispose of or encumber his or her own real property, free from any apparent right of dower therein.

"In witness whereof the parties have hereunto set their hands the day and year first above written.

"Signed and acknowledged         A. R. Shafer
in presence of:
"Marcus C. Downing
"Edythe W. Morgan        Trudie L. Shafer.''

The terms of the separation agreement were fully executed by the parties thereto, and at the time of the execution thereof the parties separated and lived apart.

On a number of occasions subsequent thereto, and prior to February 28, 1942, Trudie L. Shafer came to and was seen at the residence which Alvin Ross Shafer maintained at Rawson, Hancock county, and Alvin Ross Shafer, at such residence, stated to Mrs. Carnahan, his sister, that he was "so glad that him and Trudie could live together,'' and it was stated that

Trudie told Mrs. Carnahan she had been there several weeks.

Trudie L. Shafer did not testify as to whether she and Alvin Ross Shafer had lived together at any time subsequent to the execution of the separation agreement, and there is no evidence tending to prove that she and Alvin Ross Shafer specifically agreed that the separation agreement should be abrogated, as alleged in Trudie L. Shafer's reply to the exceptions.

There is no evidence showing what property, if any, either of the parties had at the time of the execution of the separation agreement, which is not covered by the agreement, or as to the state of health of either of the parties or their respective ages at the time of the execution thereof, or as to other then existing circumstances of the parties, except as hereinbefore mentioned.

Mary Alice Shafer, the exceptor, appellant herein, is the divorced wife of Alvin Ross Shafer and was, at the time of his death, living in his home and keeping house for him.

As shown by the transcript of docket and journal entries of the Probate Court, Alvin Ross Shafer died on May 22, 1943.

The errors which the appellant assigns may be summed up as follows:

1. Error in overruling the motion of exceptor for a new trial.

2. Error in that the finding and judgment are against the manifest weight of the evidence.

3. Error in that the finding and judgment are contrary to law.

4. Error in the admission of evidence, offered by Trudie L. Shafer under her reply to the exceptions, to which the appellant objected.

5. Other errors apparent upon the face of the record.

The claimed errors will be considered in the order mentioned.

1. An inspection of the record discloses that no motion for new trial was filed. No motion having been filed, error cannot be predicated upon the overruling of a motion for new trial, although the judgment entry recites that a motion for a new trial was overruled.

2. No motion for new trial having been filed, the weight of the evidence may not be reviewed by this court. 2 Ohio Jurisprudence, 264, Section 228.

3. Under this assignment of error appellant makes two general contentions. First. That, although the validity of the separation agreement was put in issue by the reply of Trudie L. Shafer to the exceptions, within six months from the appointment of the administrator of the estate of decedent, such attack was unauthorized in law and did not, within the purview of Section 10512-3, General Code, constitute an attack on the validity of such agreement, within six months after the death of the decedent, the Probate Court was without power to set the agreement aside, and the agreement ·is, under the provisions of such section, deemed valid. Second. That there is no evidence that the provisions of the separation agreement were unfair, or that the parties thereto had by their conduct rescinded or abrogated the same.

The appellee contends that the filing of a motion for new trial in the trial court is a condition precedent to the signing and allowance of a bill of exceptions; that, as no motion for new trial was filed in this case, the bill of exceptions should be stricken from the files; and that the errors demonstrable thereby, including this assignment of error, may not be reviewed by this court.

In support of this contention she relies on the case of *Edward Wren Co. v. Retail Clerks Union Local No. 190,* 28 Ohio Law Abs., 95, a decision of the Court of

Appeals of the Second District which announces the rule that the filing of a motion for a new trial is a condition precedent to the allowance of a bill of exceptions.

We have carefully checked the reported cases in Ohio, including the cases of *State, ex rel. Porter, a Taxpayer,* v. *Clark et al., Bd. of Commrs.,* 112 Ohio St., 133, 146 N. E., 815, and *Chapman* v. *Manix,* 17 Ohio Law Abs., 16, cited in the opinion in the *Wren case* in support of this rule, and find no cases supporting the announced rule, except the cases of *Schwenkel* v. *Schwenkel,* 23 Ohio Law Abs., 321, and *State, ex rel. Warner,* v. *Smith,* 23 Ohio Law Abs., 313, which were decided by the same Court of Appeals.

It has been uniformly held that the filing of a motion for new trial upon the ground that the finding of a court or jury is against the manifest weight of the evidence and the overruling of such motion by the trial court are conditions precedent to a review of the weight of the evidence.

It has also been held that the filing of a motion for new trial upon the grounds of misconduct of the prevailing party, accident or surprise which ordinary prudence could not have guarded against or newly discovered evidence, and the overruling of such motion by the trial court are conditions precedent to a review of assignments of error based on such grounds. *Weaver* v. *Columbus, Shawnee & Hocking Valley Ry. Co.,* 55 Ohio St., 491, 45 N. E., 717; 2 Ohio Jurisprudence, 263, Section 227.

But we find no reported cases, other than the cases decided by the Court of Appeals of the Second District, above-mentioned, holding that the filing and overruling of motions for new trial are conditions precedent to the review of any other ground of error.

An error of law for want of proof arises where there is no evidence to establish one or more facts the ex-

istence of which is essential to recovery. *Turner* v. *Turner*, 17 Ohio St., 449, 452.

Where the trial court is not called upon to weigh the evidence but to apply the law when the ultimate facts are not in dispute, the case assumes a legal phase and a motion for new trial need not be filed in order to review claimed error in the application of the law to the facts. *Jacob Laub Baking Co.* v. *Middleton*, 118 Ohio St., 106, 120, 160 N. E., 629; *Inglish* v. *Industrial Commission*, 125 Ohio St., 494, 182 N. E., 31, 83 A. L. R., 210.

In the cases of *Travelers' Indemnity Co. of Hartford, Conn.* v. *M. Werk Co.*, 33 Ohio App., 358, 169 N. E., 584, and *Fairley* v. *Wilmington College*, 19 Ohio Law Abs., 380, it was held that although the Court of Appeals cannot pass on the weight of the evidence in the absence of a motion for new trial, such motion is not necessary to a determination of the question whether there was any evidence to support plaintiff's claim.

From these holdings we conclude that the rule announced in the *Wren case, supra,* is erroneous; that the filing of a motion for a new trial and the overruling of same are not conditions precedent to the allowance of a bill of exceptions; that, consequently, the bill of exceptions should not be stricken; and that this court may review this assignment of error and the errors complained of on this appeal notwithstanding the fact that no motion for a new trial was filed.

Section 10512-3, General Code, prescribes that any antenuptial or separation agreement to which the decedent was a party shall be deemed valid unless action to set it aside is begun within six months after the appointment of the executor or administrator of the estate of such decedent, or unless within such period of time the validity of such agreement is otherwise attacked.

As hereinbefore mentioned, the Probate Court has

constitutional jurisdiction of probate and testamentary matters, and the accounts of executors and administrators. Such constitutional jurisdiction necessarily comprehends jurisdiction of inventories and exceptions thereto, as inventories are essential to the accounting of executors and administrators. Incident to this constitutional jurisdiction in the premises, the Probate Court has plenary power to dispose of any matters properly before it, including the power to adopt and apply remedies which are legal or equitable in their nature.

The reply of Trudie L. Shafer to the exceptions constituted a direct attack on the validity of the separation agreement which the court, in the exercise of its constitutional jurisdiction, had power to determine. This attack was made within six months from the date of the appointment of the administrator so it was made within the time prescribed by Section 10512-3, General Code, and was made in such a manner that it was necessary for the court, in order to dispose of a matter properly before it, to determine whether the agreement was valid.

The case of *Juhasz* v. *Juhasz,* 134 Ohio St., 257, 16 N. E. (2d), 328, 117 A. L. R., 993, is not in point as in that case no attack on the validity of the agreement (antenuptial) was made in the Probate Court in a form in which the validity thereof could be adjudicated by the court.

For the reasons mentioned, the first contention of appellant, under this assignment of error, is without merit.

As above mentioned, the second contention of appellant under this assignment of error is that there is no evidence that the provisions of the separation agreement were unfair, or that the parties thereto had by their conduct rescinded or abrogated the same.

As will be noted from the statement of facts, the sep-

aration agreement provided for an immediate separation of the parties and a division of property between them, and was fully executed.

Agreements of this character which have been executed are not subject to rescission, revocation or abrogation by reconciliation of the parties and the resumption of marital relations alone, but only by clear agreement between the parties that they should be so revoked. *Lucas* v. *Lucas,* 26 Ohio Law Abs., 664; *Leedy* v. *Malcolm,* 8 Ohio Law Abs., 640.

In the instant case, although there is evidence tending to prove reconciliation and resumption of marital relations, there is no evidence tending to prove any agreement between the parties that the separation agreement should be rescinded, revoked or abrogated. The evidence therefore is insufficient in law to sustain the finding of the trial court that the agreement was abrogated.

Whether the separation agreement was fair presents another question.

The validity of separation agreements is determined in acccordance with the general rules applicable to transactions and agreements between parties occupying confidential relations with each other. Section 7999, General Code; *Hoagland* v. *Hoagland,* 113 Ohio St., 228, 148 N. E., 585; *Garver, Exr.,* v. *Miller,* 16 Ohio St., 527.

In the last-cited case it was held that a parol postnuptial agreement between husband and wife, made in view of a voluntary separation, and fully executed on the part of the husband, whereby, for a consideration which, in the light of all the circumstances of the parties at the time the contract is made, is fair, reasonable and just, the wife relinquishes all claim to a distributive share of the husband's personal estate, in case she survive him, will be upheld and enforced in equity; but that it is an essential element of the force-

going proposition that the terms of the contract shall be fair, reasonable and just to the wife, in view of all the circumstances of the parties at the time when it was made; and that such contract can be made available, in pleading, as a full defense to an action by the wife for a distributive share of her deceased husband's estate, only when accompanied by such averments as show it to have been fair, reasonable and just to her. Otherwise expressed, if the contract be relied on in pleading, either as a cause of action or as a matter in defense, the pleading must contain averments which show the contract to have been fair, reasonable and just to the wife under the circumstances existing at the time of making. If such becomes a question of fact, the proof must lead the mind of the chancellor satisfactorily to the same conclusion. It is not sufficient, either as a matter of pleading or of proof, to set up the naked contract and its execution by the husband. In addition to this, facts must be averred or proved, or both, as the exigencies of the case may require, showing that the terms of the contract in favor of the wife were fair, reasonable and equitable under the circumstances of the parties at the time it was made. See, also, 2 Pomeroy's Equity Jurisprudence (4 Ed.), 2038, Section 956.

Applying the foregoing rule to the instant case, it was not essential that the exceptor, in her exceptions, plead facts showing the contract to have been fair, reasonable and just to the wife, Trudie L. Shafer, under the then existing circumstances, as the contract, not having been attacked as prescribed by Section 10512-3, General Code, was deemed valid, but when the contract was attacked by Trudie L. Shafer, the widow of the decedent, in her reply to such exceptions, it became incumbent upon the exceptor to plead and prove the facts mentioned.

The exceptor failed to plead such facts and, as shown

by the statement of facts, there are no facts in evidence from which a determination could be made that the contract was fair, reasonable and just to the wife, Trudie L. Shafer, under the circumstances existing at the time of its execution.

In this situation it was the duty of the trial court, by reason of the failure of pleading and proof on the part of the exceptor of these essential facts, to hold that the contract was invalid, and the finding of the court in that respect is not erroneous.

4. The appellant, in her briefs herein, fails to specify any errors in the admission of evidence so that this assignment will not be considered by the court.

5. The appellant also fails to specify in her briefs any errors under this assignment so the court is not required to and will not consider this assignment.

For the reasons mentioned, we find no error in any of the particulars assigned and argued in appellant's brief, and the judgment of the Probate Court is affirmed at costs of appellant, and the cause remanded for execution.

*Judgment affirmed.*

JACKSON and MIDDLETON, JJ., concur.