**BEACHLER, et, Plaintiffs-Appellees v. FORD, et, Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

Nos. 617, 618. Decided April 25, 1944.

Murphy & Staley, Greenville, for plaintiffs-appellees.

Wilbur D. Spidel, Greenville, George W. Porter, Greenville, for defendants-appellants.

**OPINION**

By GEIGER, J.

The matters now before the Court arise in each of the above entitled cases and we will embody our views in one opinion applicable to both cases. It will be necessary to briefly recite the issues in each case.

In case No. 617 the parties below allege that on the 11th day of November, 1941, W. H. Ford died leaving an estate and leaving the plaintiffs and the defendants, Charles C. Ford and E. T. Ford, his only heirs-at-law and next of kin; that on the 16th day of February, 1942, a writing purporting to be the last will and testament of W. H. Ford, dated the 18th day of June, 1934, was admitted to probate and letters

testimentary issued to Charles C. Ford, who qualified as executor. By the terms of said paper writing, the defendants, Charles C. Ford, E. T. Ford and Joseph Ford, who predeceased W. H. Ford, are named as several legatees and devisees of W. H. Ford, deceased.

Plaintiffs allege that said paper writing was not the last will and testament of W. H. Ford, and pray that an issue be made as to whether or not said paper writing is the last will and testament of W. H. Ford, deceased, and that the same be set aside.

On the trial of the issues made by the court in reference to the validity of the will, the jury found upon trial, that said paper writing admitted to probate, is not the last will and testament of W. H. Ford. Thereupon the Court of Common Pleas on October 10th, 1942, made entry reciting that the jury having rendered a verdict for the contestants, and **no motion for a new trial having been made;** it is by the court decreed that the writing produced purporting to be the last will of W. H. Ford, is not his valid last will and testament.

Thereafter, on December 4 1942. a motion was made by Charles C. Ford, defendant, that the Court set aside the verdict of the jury and the judgment of the Court entered on the 10th day of October, 1942, on the ground that the verdict was procured by false testimony, etc.

The motion alleged that the verdict and judgment is contrary to the evidence and against its manifest weight. It is further stated as a ground for said motion, that at the time of the execution of the will in question, W. H. Ford was possessed of sufficient mind to properly make and execute a last will and testament. It is stated that there is irregularity in the proceedings in the service by publication, and that there is no lawful evidence to support the verdict of the jury and judgment of the court, and it is moved that a new trial be granted.

The other defendant, E. T. Ford, makes like motion, asking that the judgment which was entered by default be set aside, for substantially the same reasons stated by Charles C. Ford.

These motions were filed within the term in which the judgments were rendered under the provisions of §§**11631** GC, and **11635 GC** and kindred sections. The tendered answer of Charles C. Ford admits that W. H. Ford executed his last will as asserted in the petition and for further answer

denies all the allegations of the petition not expressly admitted to be true.

E. T. Ford, defendant, tendered a like answer and for a supplemental motion, states that he is a brother of Charles C. Ford, one of the defendants, is aged and infirm, and that he, E. T. Ford, appears as a friend of said Charles C. Ford to assist him in the within action, and that E. T. Ford did not have notice of the default judgment and of the failure of Charles C Ford to appear until after the entry of the verdict, and he requests the court for a separate hearing as to the competency of Charles C. Ford at the time of the proceeding against him, and whether or not he was of sound mind and able to properly defend himself at the time of the judgment.

Charles C. Ford files an amendment to his motion to set aside the verdict and vacate the judgment, asserting various reasons, among others that the hearing by default was had before said cause regularly stood for trial, because of the defect in the affidavit for service, in that it did not recite that service could not be had upon the defendant within the state of Ohio; because the defendant had no notice of the hearing until the date of the hearing.

On May 24, 1943, the court made an entry to the effect that the cause came on to be heard upon the separate motions of Charles C. Ford and E. T. Ford, and the amendments thereto to set aside the verdict and judgment and **"to grant the defendants a new trial"**, and that the court after hearing, finds that each of said motions and amendments thereto are not well taken and should be overruled, and it is ordered that same are overruled.

A notice of intention to appeal is filed by E. T. Ford and Charles C. Ford under date of June 7, 1943, on questions of law **and fact.** Both Charles C. Ford and E. T. Ford filed in this court assignments of error alleging that the overruling of the defendants' **motions for new trial** and to vacate the default judgment is erroneous for the eleven recited grounds in the case of Charles C Ford, and thirteen recited grounds in the case of E. T. Ford.

A Bill of Exceptions exhibiting the evidence produced in the hearing on the motion to set aside the verdict and for a new trial is filed and allowed by the trial judge on the 20th day of July, 1943. This Bill of Exceptions contains all the evidence produced on the hearing in the trial to set aside the purported

last will and testament of W. H. Ford as exhibited in "Schedule A" thereof.

On the 17th day of August, 1943, Mary E. Beachler filed a motion to strike from the record the Bill of Exceptions filed in this case in this court on the 20th day of July, A. D., 1943, for the reason that the record does not show that a motion for a new trial had been filed in the Court of Common Pleas by the defendants-appellants, and for the further reason that in fact no motion for a new trial of the issues herein involved was at any time filed in or passed upon by said court.

This exhibits the matter now before this court in case No. 617 which was 31,017, in the court below.

It is necessary that we also examine the matter presented in case No. 618, which was No. 31,018 in the Court below. The action in that case was based upon the petition and pleadings in which it is alleged that on the 2nd day of July, 1934, W. H. Ford was the owner of certain real estate; that he died on the 11th day of November, 1941, leaving the plaintiffs and certain defendants, his next of kin; that on the 2nd day of July, 1934, and for sometime prior thereto, he was incompetent by reason of advanced age, loss of memory, mental infirmity, physical condition and that he was incapable of knowing and appreciating the nature of the transaction detailed; that on July 2, 1934, the defendant, Charles C. Ford, a brother of said W. H. Ford, pursuaded his brother, W. H. Ford, for the purpose of preventing plaintiffs from sharing in said real estate, to make a deed conveying all his real estate to the defendant, Charles C. Ford; that owing to his mental weakness, W. H. Ford executed said deed.

For a second cause of action, plaintiffs set forth the several interests of the parties in the real estate in question, and pray that the deed may be set aside and that their interest may be set off to them in severalty in said real estate or the real estate be sold and the proceeds thereof be divided.

On October 8, 1942, the cause came on for hearing upon the petition and the evidence, and the court found that the defendants have been duly and legally served and are in default; that on the 2nd day of July, 1934, W. H. Ford executed a deed for the real estate in question to Charles C. Ford; that at the time said W. H. Ford was incompetent as alleged in the first cause of action, and that the deed should be set aside, and it is ordered by the court that said deed be set aside, cancelled and held for naught, and that the title to said premises is vested in the plaintiff and the defendants, Charles C. Ford and E. T.

Ford as next of kin of said W. H. Ford, deceased, and the court on consideration finds the relative interest of each of the parties in said real estate, and that there is sufficient personal property in the estate of W. H. Ford to pay all his indebtedness, and that the plaintiffs are entitled to partition, and it is ordered that a writ of partition be issued.

On December 4, 1942, a motion was filed by Charles C. Ford to vacate the judgment and sale proceedings and **for a new trial**. Such motion recites the fact that he is the owner of the property by virtue of the deed made to him by his deceased brother, W. H. Ford; that the judgment in partition was rendered without authority and before the expiration of a year from the date of the death of the deceased, and is irregular for other errors. The defendant moves the court to set aside the judgment heretofore rendered hereon. The motion is made by E. T. Ford similar to that filed by Charles C. Ford. It is asserted that at the time of the execution of the deed, W. H. Ford was of sound mind. The answer of Charles C. Ford is to like effect. Further proceedings were similar to those recited in the first case herein alluded to.

On May 26, 1943, the Court heard the motion and ordered that the motions to vacate the judgment herein and the sale proceedings **and to grant a new trial be overruled.**

Notice of intention to appeal on law and fact from this judgment of May 26, 1943, was filed by the defendants, E. T. Ford and Charles C. Ford. Assignments of error identical in the main to the assignments made in case No. 617 were filed, and a Bill of Exceptions filed July 20, 1943, exhibited the testimony offered at the hearing on the motion to vacate the judgment also included the evidence offered at the time of the hearing to set aside the deed. Thereupon on the 17th day of August, 1943, a motion identical with that filed in case No. 617 to strike from the record the Bill of Exceptions, was filed for the reason the record does not show a motion for a new trial was filed in the Court of Common Pleas before the settling of the Bill of Exceptions by the trial court, and for the further reason that in fact no motion for a new trial of the issues was filed in or passed upon by the trial court.

The ground of the controversy in this case may be epitomized as follows: the application is made for rehearing and a new trial. The court upon hearing the evidence incidental to the application and motion, overrules the same. Thereupon a Bill of Exceptions in each case is signed by the court within time embodying all evidence produced not only at the time of

the hearing on motion for new trial, but of the original trial. The question is:

"Could the Bill of Exceptions be allowed without there being a motion for a new trial of the application for rehearing and of a motion for a new trial?"

We have given attention to the numerous and interesting briefs filed by counsel and have examined the cases cited. The requirement for a motion for a new trial is discussed at large in the case of **Ide v Churchill, 14 Oh St 372**, especially at **p. 378.** We will not do more than to refer to that case. This court discusses this matter at large in its opinion in **Bettman v Northern Insurance Co., 27 Abs 112,** at **114** et seq. Nothing can be gained by repeating what was there said. This court has also considered the question in **Webb v Cottrill, Admx., 31 Abs. 78; Chapman v Mannix, 17 Abs 16,** and in **Kuhn v Wood, 34 Abs 265.** The question presented in these cases and other cases cited by counsel may readily be distinguished from the question involved in the motions to dismiss the Bills of Exceptions.

There is no question but that in certain matters there must be a motion for a new trial before an effective Bill of Exceptions can be settled and become a document to be considered by the reviewing court.

The motions to set aside the judgment and for a new trial were filed by virtue of §11631 GC which is a special proceeding.

**Section 11564 GC** enumerates the decisions for the reviewing of which a Bill of Exceptions is required, and the decision of the court on a motion to rehear under §§11631 GC or 11580 GC is not mentioned in §11564 GC.

Without tedious reiteration of the cases to which we have already referred, we arrive at the conclusion that the proceedings in these two actions which resulted in the denial of the application for rehearing do not require a motion for a new trial to permit the review of the question on appeal. Cases are not numerous on this point, but we find the case of **Slater v Brown 43 Oh Ap 497**, to be directly in point. The first syllabus is:

"A motion for a new trial is not necessary to review a decision of the trial court on a motion to vacate a judgment."

This case is well considered and we will be content to rely

upon it in spite of the criticism directed to it by counsel.

Another matter that seems to us to be fatal to the position taken by the Appellees is that in both cases he moves that the Court strike from the record the Bill of Exceptions filed on the 20th day of July, 1943, for the reason that the record does not show that a motion for a new trial has been filed in the Common Pleas Court of Darke County by the defendants-appellants before the settling of the Bill of Exceptions by the trial court, and for the further reason that in fact no motion for a new trial of the issues herein involved was at any time filed in, or passed upon by the trial court.

The Transcript of Docket and Journal Entries are substantially the same in both cases, and show that on December 4, 1942, there was a motion filed to set aside the verdict and to vacate the judgment therein and **for a new trial;** On December 16, 1942, a like motion was filed to set aside the verdict and vacate the judgment therein and **for a new trial;** on January 4, 1943, there was filed an amendment to motion and supplemental motion to set aside the verdict and vacate judgment and **for new trial;** and on the same date there was filed an amendment to motion and supplemental motion to set aside the verdict and vacate judgment and **for a new trial;** on May 24, 1943, this cause coming on to be heard upon the motion of the two defendants, and the amendment to said motions and supplemental motions to set aside the verdict and judgment rendered herein and grant said defendants a new trial, the court found that each of said motions, amendments to said motions and supplemental motions are not well taken and should be overruled, and it was by the court ordered that the motions, amendment to motions and supplemental motions of Charles C. Ford and E. T. Ford to set aside the verdict of the jury and the judgment rendered herein and **to grant said defendants a new trial,** be and the same were overruled.

Thereupon a notice of intention to appeal was filed from the judgment of the court of May 24, 1943, wherein the court **overruled defendants' motions for a new trial,** motions to vacate default judgment and amended and supplemental motions to vacate default judgment. The records in both cases are substantially identical.

It will thus appear that the statements made .n the motions to strike the Bills of Exceptions for the reason the record does not show a motion for a new trial having been filed before the settling of the Bill of Exceptions, are not correct, as several motions, amendments thereto and supplement-

al motions were in fact filed as is shown by the record, and the judgment of the Court was based upon these motions which he overruled, including the motion for a new trial, and from this order of the court, notice of appeal was given and appeal perfected.

If the position of counsel for appellees is correct, then there would never be a time when a motion for a new trial would not be required. The matter before the court was whether or not these motions should be allowed and the court overruled the same. That was a final disposition of matters before the court and furnished the basis for appeal.

Motion in each case to strike from the record the Bill of Exceptions is overruled.

While we overrule these motions, we are not now permitted to examine the Bill of Exceptions in that counsel have not had the opportunity to present to us their argument in reference to the matters displayed by the Bills. When this has been done, we shall give our decision as to whether or not the court belo wcommitted prejudicial error in denying the application for rehearing and overruling the several motions for a new trial.

BARNES, P. J. and HORNBECK, J., concur.